# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Casey Stilley, Individually and on Behalf of All
Other Similarly Situated Persons,

      Plaintiff,

  v.

Elliott Auto Supply Co., Inc. d/b/a Factory
Motor Parts,

      Defendant,

Elliott Auto Supply Co., Inc. d/b/a Factory
Motor Parts,

      Third Party Plaintiff,

  v.

Chiefton Enterprises, Inc. d/b/a Reliable Logistic
Services, and Reliable Logistic Services, Inc.,

      Third Party Defendants.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 14-5034 ADM/FLN

---

Scott M. Flaherty, Esq., Briggs & Morgan, PA, Minneapolis, MN, on behalf of Defendant and Third Party Plaintiff Elliot Supply Co., Inc. d/b/a Factory Motor Parts.

Michael J. Minenko, Esq., Minenko & Hodd, P.A., Edina, MN, on behalf of Third Party Defendants Chiefton Enterprises, Inc. d/b/a Reliable Logistic Services, and Reliable Logistic Services, Inc.

---

## I. INTRODUCTION

On June 26, 2015, the undersigned United States District Judge heard oral argument on Defendant and Third Party Plaintiff Elliot Auto Supply Co., Inc. d/b/a Factory Motor Parts' ("Factory Motor Parts") Motion for Default Judgment [Docket No. 38], and Third Party Defendant Chiefton Enterprises, Inc. d/b/a Reliable Logistic Services ("RLS 1") and Reliable

Logistic Services, Inc.'s ("RLS 2") (collectively, "Reliable") Motion to Set Aside Default [Docket No. 48]. Factory Motor Parts seeks an entry of default judgment against Reliable for failing to answer or otherwise participate in the underlying lawsuit. Reliable opposes Factory Motor Parts' motion and argues that it has a meritorious defense it wishes to pursue. For the reasons set forth below, Factory Motor Parts' motion is denied and Reliable's motion is granted.

## II. BACKGROUND

Factory Motor Parts distributes original manufacturing and name brand auto parts from locations in 19 states. Compl. [Docket No. 1] ¶ 10. Factory Motor Parts employs drivers who deliver motor parts to dealers, mechanics, and other Factory Motor Parts customers. Id. ¶ 1. The purported class action lawsuit, filed on December 19, 2014, alleges that Factory Motor Parts violated the federal Fair Labor Standards Act, and state minimum wage and overtime laws by misclassifying delivery drivers as independent contractors. Id.

The Complaint alleges Factory Motor Parts contracts with third party hiring services to provide it with delivery drivers who are then misclassified as independent contractors. Id. On February 20, 2015, Factory Motor Parts filed a Third Party Complaint [Docket No. 18] against RLS 1 and RLS 2.[1] Factory Motor Parts alleges that it entered into a Client Services Agreement (the "Agreement") with RLS 1 on January 1, 2007, to deliver automotive parts from Factory Motor Parts' Kansas City, Missouri warehouse by using its own drivers. Third Party Compl. ¶¶ 15–16. The Agreement has an indemnification provision, which states:

> RLS [1] does hereby covenant and agree to indemnify the Client and its affiliates,

---

[1] RLS 1 avers that RLS 2 does not exists as a corporate entity. Because the instant motions are resolved without addressing this issue, RLS 2 will remain as a named Third Party Defendant at this time.

> officers, directors, employees and agents fully and to defend and hold same forever harmless from all damages, expenses (including but not limited to reasonable attorney fees and costs), claims, demands, actions, causes of action and liabilities whatsoever arising out of any action or omission of RLS [1], or the independent contractors in the performance of this Agreement. This indemnification obligation shall include any claim or demands for workers compensation coverage and/or injury due to act or omission by independent contractor.

Id. ¶ 17. The Agreement further provides that:

> RLS [1] warrants and represents that it complies with all equal opportunity laws and regulations and all other laws, regulations, ordinances and rules applicable to the services being provided by RLS [1] and the independent contractor to client.

Id. ¶ 19.

The Third Party Complaint also avers that Factory Motor Parts contracted in 2013 with RLS 2 for deliveries from locations in Colorado, Idaho, and Utah. Id. ¶¶ 13, 22. This contract similarly states that RLS 2 will deliver automotive parts using its own delivery drivers. Id. ¶ 23. This contract also has an indemnification provision and a provision that warrants that RLS 2 complies with "all equal opportunity laws and regulations." Id. ¶¶ 24–25. Factory Motor Parts claims that these indemnification provisions bar any exposure to liability from the underlying lawsuit.

On April 9, 2015, the Clerk of Court entered Default [Docket No. 34] against Reliable. On May 14, 2015, Factory Motor Parts moved for Default Judgment. According to Factory Motor Parts, prior to early June 2015, Reliable had failed to appear, plead, or otherwise participate in the lawsuit.

### III. DISCUSSION

Factory Motor Parts argues that lifting the default would produce negative consequences, including halting the underlying lawsuit and risking evidence destruction. It contends that

3

Reliable has no meritorious defenses and has failed to satisfy the good-cause requirement of Rule 55(c) of the Federal Rules of Civil Procedure necessary to set aside the default. Reliable argues that it wishes to assert several meritorious defenses in response to Factory Motor Parts' allegations. It further contends that it has satisfied the good faith requirement because failure to respond in court to the Complaint before now was not taken in bad faith, but was rather the result of its extrajudicial attempts at settlement.

Setting aside an entry of default is governed by Rule 55(c) of the Federal Rules of Civil Procedure. Rule 55(c) provides that an entry of default may be set aside for "good cause." Fed. R. Civ. P. 55(c). "When examining whether good cause exists, the . . . court should weigh whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused." Stephenson v. El-Batrawi, 524 F.3d 907, 912 (8th Cir. 2008). There is a "judicial preference for adjudication on the merits." Belcourt Pub. Sch. Dist. v. Davis, 786 F.3d 653, 661 (8th Cir. 2015) (citing Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 784 (8th Cir. 1998)).

**A. Culpability**

With respect to the first factor, Reliable was certainly at fault. While Reliable claims it was actively pursuing an out of court settlement—something Factory Motor Parts does not dispute—this does not obviate its obligation to submit a formal response to the Third-Party Complaint. See generally Shelton Aff. [Docket No. 51] (discussing out of court settlement efforts). The pleading deadlines of the Federal Rules of Civil Procedure are not advisory.

4

Reliable's excuse for missing the pleading deadline does not absolve it of blame. The first factor weighs in favor of granting default judgment.

**B. Meritorious Defense**

Reliable offers several defenses it claims are meritorious and thus should preclude an entry of default judgment. First, Reliable contends that certain indemnification and warranty provisions in contracts with Factory Motor Parts were not in force during times relevant to this action. Second, Reliable maintains even if such provisions were in force, no breach of the provisions actually occurred. Factory Motor parts responds that the contracts were in force during all relevant times because the parties continued to operate in accordance with the contractual terms long after termination dates had passed. According to Factory Motor Parts, the contracts were breached when Reliable failed to pay the delivery drivers' proper wages.

Whether a meritorious defense exists is determined by evaluating "whether the proffered evidence 'would permit a finding for the defaulting party.'" Johnson, 140 F.3d at 785 (quoting Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 812 (4th Cir. 1988)). "The underlying concern is . . . whether there is some possibility that the outcome . . . after a full trial will be contrary to the result achieved by the default." Augusta Fiberglass, 843 F.2d at 812 (quoting 10 Charles Alan Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure § 2697 (2d ed.1983)).

As the record currently stands, Reliable's defense may have merit. Both parties appear to agree that the contracts relevant here include a termination clause. What the parties dispute, and what the Court cannot determine on the record before it, is whether the conduct of the parties post-expiration of the contracts has been sufficient to support a finding that the contracts remain

5

enforceable. While Factory Motor Parts contends the parties' conduct is evinced by the affidavit of Reliable's president Marc Shelton, the Shelton affidavit focuses on Reliable's attempts at reaching an out of court settlement with Factory Motor Parts. The affidavit does not comment on Reliable's past or ongoing business with Factory Motor Parts. Shelton's comments that the contracts "may have expired" or "the agreements at issue likely had terms," are not helpful to the analysis. Shelton's broad and ambiguous language cannot alone support that the contracts are still in force without tangible evidence regarding the parties' conduct. Accordingly, because the proffered evidence "permit[s] a finding for the defaulting party," the second factor weighs in favor of lifting the default. Augusta Fiberglass, 843 F.2d at 812.

## C. Prejudice

Factory Motor Parts argues that setting aside the default judgment would result in prejudice due to Reliable's likely bankruptcy. Bankruptcy would result in an immediate stay and Factory Motor Parts argues that it could lead to evidence loss and discovery issues. At the hearing, counsel for Reliable challenged Factory Motor Parts' assertion that bankruptcy was a likely result if the default was set aside.

"[P]rejudice may not be found from delay alone or from the fact that the defaulting party will be permitted to defend on the merits." Johnson, 140 F.3d at 785. "Setting aside a default must prejudice plaintiff in a more concrete way, such as 'loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion.'" Id. (quoting Berthelsen v. Kane, 907 F.2d 617, 621 (6th Cir. 1990)).

At this point, the Court is uncertain whether there is a likelihood of Reliable filing for bankruptcy protection. There is nothing in the record submitted by Reliable that suggests the

6

threat of bankruptcy is real. While Factory Motor Parts posits bankruptcy concerns motivated the Plaintiff to not sue Reliable as a defendant when Reliable was named as a defendant in a similar case brought by the same set of attorneys, Plaintiff may have other reasons unrelated to bankruptcy for not suing Reliable directly. Although, Factory Motor Parts may justifiably be concerned about the potential disruptions Reliable's bankruptcy may cause, at this point that threat is speculative. Such speculation is not the type of concrete prejudice that weighs against setting aside the default.

**D. Bond**

Finally, Factory Motor Parts argues that if the default is lifted, Reliable should be required to post a $500,000 bond. The authorities cited by Factory Motor Parts in support of its position are either in situations where the court has granted a motion for default judgment and a party is moving for vacateur, or where extraordinary conditions supported by findings represents a reasonable exercise of discretion. See, e.g., Philips Med. Sys. Intern. B.V. v. Bruetman, 8 F.3d 600, (7th Cir. 1993); Thorpe v. Thorpe, 364 F.2d 692 (D.C. Cir. 1966); First Fidelity Bank, N.A. v. Gov't of Antigua & Barbuda - Permanent Mission, 877 F.2d 189 (2d Cir. 1989); Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. La. Hydrolec, 854 F.2d 1538 (9th Cir. 1988). Here, the Clerk or Court has entered default and Factory Motor Parts has moved for default judgment. Further, the record is unable to provide support for finding that the conditions here are extraordinary. There is nothing in the record to provide an appropriate guidepost for a proper bond amount. Because any bond amount would be completely arbitrary and not grounded with suitable justification, under the present circumstances, a bond is not warranted. See Gateway E. Ry. Co. v. Terminal R.R. Ass'n of St. Louis, 35 F.3d 1134, 1142 (7th Cir. 1994) (noting that

7

failure to articulate reasons for the amount of bond may be grounds for reversal due to abuse of discretion).

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant and Third Party Plaintiff Elliot Supply Co., Inc. d/b/a Factory Motor Parts' Motion for Default Judgment [Docket No. 38] is **DENIED**;

2. Third Party Defendants Chiefton Enterprises, Inc. d/b/a Reliable Logistic Services, and Reliable Logistic Services, Inc.'s Motion to Set Aside Default [Docket No. 48] is **GRANTED**.

BY THE COURT:


    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  August 7, 2015.